## WATKINS *vs.* BROWN.

A plea that the sum really in controversy is beneath the jurisdiction of the Court, may be pleaded after a bill of particulars is prayed for.

A bill of particulars may be properly prayed for in any stage of the cause, and is not to be regarded as an appearance to the declaration, or as confined in its objects to a defence on the merits.

THIS was an action of assumpsit, determined in the Pulaski Circuit Court, in September, 1842, before the Hon. WILLIAM GILCHRIST, one of the special circuit judges. Brown, for the use of Trapnall & Cocke, sued Watkins, laying his damages at $500. At the return term, the defendant prayed a bill of particulars, which was filed, and he then offered a plea to the jurisdiction, alleging the true amount of damages to be $100 or under. This plea the Court refused to receive or permit to be filed, on the ground that it was too late to plead it, after praying a bill of particulars. The defendant excepted, setting out the plea. Judgment for plaintiff, for damages, $106 37½, and writ of error.

*Ashley & Watkins,* for plaintiff in error.

*Trapnall & Cocke,* contra. Pleas to the jurisdiction, although in effect they abate the writ, are, strictly speaking, pleas in abatement.

1 *Chitty*, 476; and stands first in the legal order of pleadings.  1 *Chitty*, 474.   *Heilman vs. Martin*, 2 *Ark. Rep.* 163.   *Dillard vs. Noell's Adm.*, 2 *Ark. Rep.* 457.   It must be pleaded in person, and not by attorney; because the appearance by attorney admits the jurisdiction of the Court.   1 *Chitty*, 479.   2 *Saund.* 209, *b.*   *Comyns*, 1, 14, 1, 17.   *Gibb. C. P.* 187.   *Bac. Abr. Abatement, A, pleas &c.*, 2.   8 *Term. Rep.* 631.   Only half defence should be made.   1 *Chitty*, 476.   *Faxwist vs. Fremaine*, 2 *Saund.* 209, *b. note.*   For what is a half or full defence, see 1 *Chitty*, 462.

Oyer of a bill of particulars in pleading, comes in the same order as oyer of a bond or deed; and oyer precedes immediately a defence to the merits of the action, and in bar.   1 *Chitty*, 464.   After oyer, the defendant shall not plead to the person of the plaintiff or himself. 1 *Comyns*, 149, 1, 22; and this plea comes in the usual course after a plea to the jurisdiction.

*By the Court*, SEBASTIAN, J.   The only question presented by the record and assignment of errors is, whether the Circuit Court correctly struck out the defendant's plea to the jurisdiction of the Court.   This plea alleged that the sum really in controversy between the parties, and which this Court has said entirely determines the jurisdiction of all courts in matters of contract, was under the sum of one hundred dollars, and properly and exclusively cognizable before justices of the peace.   The validity of this plea in actions upon contracts, when the plaintiff sets forth such facts as present a case within the jurisdiction of the Court, although the true and real matter in controversy is not within its jurisdiction, has been determined by this Court in the cases of *Heilman vs. Martin*, 2 *Ark. Rep.* 158, and *Noel vs. Dillard, ib.* 449; and the only question in the case is, whether the plea was improperly interposed after the defendant had, in the language of the record, "craved oyer of the plaintiff's bill of particulars."   By this we understand nothing more than that the defendant moved the Court, in the usual form, to rule the plaintiff to file a statement of the particulars of his demand.   Is this such an appearance as precludes the party, according to the established order of pleading, from availing himself of his plea to the jurisdiction of the Court ?   We think not.

The general rule is, that a plea to the jurisdiction must be first pleaded, and before imparlance; and before any other plea which acknowledges the jurisdiction of the Court; and for this reason it must be pleaded *in propria persona*, and not by attorney; which, as it is supposed to be done by leave of the Court, this leave acknowledges its jurisdiction. *Bac. Abr., title Pleas and Pleading,* 361. The moving for a bill of particulars owes its origin to the general form, in which declarations are in some actions framed, and which affords to the defendant no opportunity of defending advisedly against the particular demand which he is required to answer. Its object is for the benefit of the defendant alone; and it enables him to plead, with a sufficient knowledge of the cause of action to prepare his defence accordingly. The reason of the practice applies as well to a plea to the jurisdiction as to a trial of the merits of the case, and more forcibly under our *system of jurisprudence, where the jurisdiction of all our courts* depends almost entirely on the amount in controversy; to determine which the bill of particulars is as necessary as in a trial of the merits. Notwithstanding the general rule as to the order in which a plea to the jurisdiction must be interposed, the moving for a bill of particulars, from the necessity of the case, is not, in practice, regarded as waiving the right to that plea. When the rule is granted, it leaves the cause *in statu quo.* In all actions, where the plaintiff declares generally, without setting out the particulars of his demand, a bill of particulars may be required. 1 *Tidd's Pr.* 595. 3 *Burr. Rep.* 1390. 3 *J. R.* 248. *Gr. Pr.* 511. And the effect of it is to stay the cause, give time to plead until the order is complied with. 1 *Tidd's Pr.* 596. This rule may be obtained, at any time, even before appearance. 2 *Cow. Bep.* 463. And such appears to be the practice of the KING's BENCH. 1 *Ch. Rep.* 525. It may be obtained at any time before trial, though it is usually taken before any plea pleaded. 3 *Wend. Rep.* These authorities prove that it is in order in any stage of the cause, and in the order of pleading may stand any where; and that it is not to be regarded as an appearance to the declaration, or as confined in its objects to a defence on the main trial. The only restriction as to the time is, that it will not be allowed before declaration. 3 *Wend. Rep.* It is generally obtained in the King's Bench before

declaration; in which respect the practice of the Court of Common Pleas now conforms to it. In *Calson vs. Selby*, 1 *Esp. Rep.* 452, defendant obtained bill of particulars, and then pleaded in abatement the non-joinder of another joint contractor; and upon trial it appeared that some items were on the joint account, and the plaintiff was nonsuited. In this case, it was necessary to enable the party to plead in abatement, and it may become equally necessary to sustain a plea to the jurisdiction of the Court. The right to the rule does not depend upon the character of the defence, but is considered as proper before any defence; and it is for this reason that it is granted even before appearance; and all proceedings are stayed until complied with. We are therefore of opinion, that the Circuit Court erred in striking out the plea to its jurisdiction. Judgment reversed.